**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000414
05-SEP-2025
08:31 AM
Dkt. 48 SO**

NO. CAAP-23-0000414

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

U.S. BANK NATIONAL ASSOCIATION, as Trustee, Successor in interest to Bank of America National Association, as Trustee, Successor by Merger to LaSalle Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-through Certificates, Series 2007-SP2, Plaintiff-Appellee,
v.
PAULINE FRANCES PILIALOHA YAP, Defendant-Appellant, and
JOHN DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS 1-20; DOE ENTITIES 1-20; DOE GOVERNMENTAL UNITS 1-20, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC191000217)

SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Leonard and Wadsworth, JJ.)

Defendant-Appellant Pauline Frances Pilialoha Yap (**Yap**) appeals from the June 1, 2023 Judgment and challenges the June 1, 2023 Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment Against All Defendants and for Interlocutory Decree of Foreclosure [(**Second MSJ**)] (**FOFs/COLs/Order**), entered by the Circuit Court of the First Circuit (**Circuit Court**), in favor of Plaintiff-Appellee U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential

Assert Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-SP2 (**U.S. Bank**).[1]

Yap raises three points of error on appeal, contending that the Circuit Court erred in granting the Second MSJ because: (1) U.S. Bank failed to demonstrate possession of a January 26, 2009 loan modification document (**Loan Modification**); (2) there was no verification from U.S. Bank's counsel regarding possession of either the November 6, 2006 fixed rate balloon note Yap executed and delivered to People's Choice Home Loan, Inc. (**People's Choice**) in the principal amount of $526,500.00 (**Note**) or the Loan Modification; and (3) there was no business record or document establishing LaSalle Bank as an original Trustee or U.S. Bank as a successor-in-interest.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Yap's points of error as follows:

(1) Yap argues that U.S. Bank failed to demonstrate possession of the Loan Modification under Bank of Am., N.A. v. Reyes-Toledo, 139 Hawaiʻi 361, 390 P.3d 1248 (2017). Yap does not point to any authority to support the proposition that a foreclosing plaintiff must demonstrate possession of a loan modification agreement for a note to prove its entitlement to enforce the note, nor could we find any.[2]

---

[1] The Honorable Jeannette H. Castagnetti presided.

[2] We note that Yap failed to raise this argument in the Circuit Court.

To establish standing to foreclose, the plaintiff must prove its entitlement to enforce the note and mortgage. Reyes-Toledo, 139 Hawaiʻi at 367, 390 P.3d at 1254. Under Hawaii Revised Statutes (**HRS**) § 490:3-301 (2008), a "'[p]erson entitled to enforce' an instrument means (i) the holder of the instrument, or (ii) a nonholder in possession of the instrument who has the rights of a holder[.]" An instrument is a "note" if it is a promise. HRS § 490:3-104(e) (2008). When a note is indorsed in blank, it becomes payable to the bearer and may be negotiated by transfer of possession alone unless specially indorsed. Id. at 370, 390 P.3d at 1257 (citing HRS § 490:3-205(b) (2008)). A foreclosing plaintiff establishes their standing to foreclose by producing evidence that it was the holder of the note at the time it filed the complaint. Id.

HRS § 490:3-301 does not require a person to be in possession of any modifications to a note in order to be entitled to enforce the note.[3] We conclude that Yap's argument is without merit.

---

[3] We further note that HRS § 490:3-117 (2008) provides:

> **§ 490:3-117   Other agreements affecting instrument.** Subject to applicable law regarding exclusion of proof of contemporaneous or previous agreements, the obligation of a party to an instrument to pay the instrument may be modified, supplemented, or nullified by a separate agreement of the obligor and a person entitled to enforce the instrument, if the instrument is issued or the obligation is incurred in reliance on the agreement or as part of the same transaction giving rise to the agreement. To the extent an obligation is modified, supplemented, or nullified by an agreement under this section, the agreement is a defense to the obligation.

HRS § 490:3-117 does not indicate that possession of a loan modification agreement is required for the enforcement of an instrument. Rather, it provides otherwise by stating that a loan modification agreement may be used as a defense to an obligation.

(2)     Yap argues that the Circuit Court erred in granting the Second MSJ because the Amended Complaint contained no verification from U.S. Bank's counsel regarding possession of the original Note or the Loan Modification.  As discussed *supra*, U.S. Bank need not demonstrate that it had possession of the Loan Modification to prove its entitlement to enforce the Note.

The Circuit Court determined in COLs 4 and 5 as follows:

> 4.  Plaintiff is the holder of the Note and Mortgage and is entitled to enforce them.  Plaintiff qualifies as the Note holder with standing to prosecute the instant action as the Note is indorsed in blank, thereby converting the Note to a bearer instrument, and Plaintiff is currently in rightful possession of the indorsed Note.
>
> 5.  Plaintiff was the holder of the Note, indorsed in blank, at the time the Complaint was filed.

COLs 4 and 5 are supported by the record.  U.S. Bank attached a copy of the Note as well as Allonges 1 and 2 to the Second MSJ.  Allonge 1 was indorsed in blank, and Allonge 2 was void.  U.S. Bank has standing if it possessed the original Note at the time it brought the foreclosure action.  See Reyes-Toledo, 139 Hawaiʻi at 370, 390 P.3d at 1257.

Possession of the original note may be established by sworn testimony corroborated by admissible documentary evidence. U.S. Bank Tr., N.A. as Tr. for LSF9 Master Participation Tr. v. Verhagen, 149 Hawaiʻi 315, 327-28, 489 P.3d 419, 431-32 (2021). Here, U.S. Bank produced the declaration testimony of Juliana Thurab (**Thurab**), an employee and authorized record custodian of PHH Mortgage Corporation (**PHH**), who is the successor by merger to

4

the prior loan servicer, Ocwen Loan Servicing, LLC (**Ocwen**).[4]

Thurab declared, *inter alia*, "PHH's records indicate that [U.S. Bank], by and through its counsel, had possession of the original Note, indorsed in blank, as of 12/20/2021, the date of the filing of the Amended Complaint. A true and correct copy of the Attorney Bailee, which I have reviewed, reflecting possession of the original Note, indorsed in blank, by [U.S. Bank's] attorney is attached as Exhibit '5' and is incorporated herein by reference." Thurab's testimony is corroborated by the Attorney Bailee letter dated January 17, 2019, which confirmed that The Mortgage Law Firm attorney Brian Nii currently held the original Note and two allonges on behalf of U.S. Bank and/or the loan servicer, Ocwen. Accordingly, the Attorney Bailee letter and Thurab Declaration established that U.S. Bank's counsel held the original Note and pertinent Allonge on behalf of U.S. Bank as of January 17, 2019, twenty-one days prior to the filing of the Complaint on February 7, 2019, and nearly three years prior to the filing of the Amended Complaint on December 20, 2021. See Verhagen, 149 Hawaiʻi at 327-28, 489 P.3d at 431-32. We conclude that the Circuit Court did not err in determining that there was no genuine issue of material fact as to U.S. Bank's standing to foreclose as the holder of the Note.

(3) Yap argues that the Circuit Court erred in granting the Second MSJ because U.S. Bank failed to establish that (1) the Trust document existed, (2) LaSalle Bank National

---

[4] Effective June 1, 2019, the prior loan servicer, Ocwen, merged into PHH as reflected in the approved October 8, 2019 Petition for Order re: Change of Name of Ocwen Loan Servicing, LLC to PHH Mortgage Corporation filed in the Land Court of the State of Hawaiʻi.

Association (**LaSalle Bank**) was Trustee, (3) Bank of America was the successor-by-merger to LaSalle Bank such that it became Trustee, and (4) U.S. Bank was the successor-in-interest to Bank of America such that it became the Trustee.

U.S. Bank established that it was the holder of the Note, indorsed in blank, at the time the Complaint was filed. Accordingly, U.S. Bank established its entitlement to enforce the Note and was not required to further produce evidence that it was the Trustee.  See, e.g., U.S. Bank, Nat'l Ass'n as Tr. Under Pooling & Servicing Agreement Dated as of March 1, 2007, GSAMP Tr. 2007-HE2, Mortgage Pass-Through Certificates, Series 2007-HE2 v. Lelenoa, No. CAAP-21-0000025, 2024 WL 5154817, *3 (Haw. App. Dec. 18, 2024) (SDO) ("U.S. Bank established its possession of the Note and was not required to introduce evidence that it was the trustee"); see also U.S. Bank Nat. Ass'n v. Salvacion, 134 Hawaiʻi 170, 175, 338 P.3d 1185, 1190 (App. 2014).  We conclude that Yap's third point of error is without merit.

For these reasons, the Circuit Court's June 1, 2023 Judgment is affirmed.

DATED:  Honolulu, Hawaiʻi, September 5, 2025.

On the briefs:

Richard T. Forrester,
(Forrester Legal, LLLC)
for Defendant-Appellant.

David A. Nakashima,
Jade Lynne Ching,
Michelle N. Comeau,
Ryan B. Kasten,
(Nakashima Ching LLC)
for Plaintiff-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge